MORRISON, Appellant, *vs.* EDGAR, to use of Brent, Respondent.

1. A. sold B. certain slaves, warranting his title to be good. *Held*, as long as B. remains in undisturbed possession of the slaves, he cannot set up, as a defence to a note given for the purchase money, that, at the time of the sale, the title was not in A.
2. In such a case, there is no failure of consideration, within the meaning of the 14th section of article five of the act concerning "Justices' Courts," (Rev. Stat. 1845.)

### *Error to Cooper Circuit Court.*

*Hayden*, for plaintiff in error.

1. It was competent and legal for Morrison, in his defence to the action, to show that the note sued on was obtained from him without consideration, or that the consideration of the note, if any, had failed, and consequently the court erred in rejecting the evidence offered by him to the jury, to prove that

Robert Brent had no right or title to the negroes for which he had given the note. Digest 1845, tit. Justices' Courts, article 5, sec. 14. 6 Mo. Rep. 642–3, *Jones* v. *Shaver.* 10 Mo. Rep. 267–8. 7 Cowen, 332. 11 John. 50. 8 Cowen, 31. 7. John. R. 26. 17 ib. 303. 7. T. R. 350.

2. It was competent for Morrison, under the rules of the common law, independent of the statute, to make the proof upon the trial which was rejected by the court. The covenant in the bill of sale of the negroes, made to Morrison by Brent, warranting the title to said negroes to be good in Morrison, his heirs, &c., and that the same was free from all claim or claims whatever, is equivalent to the covenant of seizin, and that the title to the negroes was then free from incumbrance, and that Brent had a good title, which was thereby conveyed to Morrison, and that, therefore, the covenant so made by Brent, was false and fraudulent, (for he well knew he had no title,) and was broken at the very time it was made. 4 Kent, sec. 67, p. 471. 4 Bibb, 304–5. 2 Marsh. 217, 218, 219. 2 ,Wheaton, 13. 3 Pick. 452, *Knapp* v. *Lee.* 6 Mo. Rep. 642, 643. 11 Johnson, 50. 2 Kent, 473. 10 Mo. Rep. 267–8. 7 John. R. 26. 17 J. R. 303. 8 Cowen, 31. 7 ib. 332. 7 T. R. 350.

3. If the warranty were one prospective in its nature, in this suit the court will not compel the defendant to part with his money, for a thing which the plaintiff had no right to sell, or interest in, nor any power to convey to Morrison, because the court being bound to observe the rule in equity, will not specifically enforce a contract, upon the application of a party, who has given no consideration for the thing he seeks, nor do a thing which will lead to litigation or circuity of action between the parties.

*Adams* and *Miller*, for defendant in error.

I. To constitute a breach of warranty of title in the sale of chattels, it is necessary that the vendee should be evicted—that he should be actually dispossessed of the property, under the judgment of some court having jurisdiction of the case; and,

therefore, the court very properly rejected the evidence about the title to the slaves.    1 Smith's Leading Cases, 181–2. *Vibbard* v. *Johnson*, 19 Johns. Rep. 79.    10 Wend. 384. 12 ib. 450.    2 Kent. Com. 472–3.    1 John. Rep. 517.    13 J. Rep. 225.    4 Dallas, 436 (note.)    7 John. Rep. 258.    2 Marshall's Rep. 218.    11 J. R. 122.    2 Caine's Rep. 192. 2 U. S. Digest, Supplement, No. 310, p. 725.

GAMBLE, Judge, delivered the opinion of the court.

Edgar, suing for the use of Brent, commenced his action before a justice of the peace, again Morrison, upon a promissory note for one hundred dollars, which was payable to Brent.

Brent, by his agents, sold certain slaves to Morrison, for nine hundred and fifty dollars, of which eight hundred and fifty dollars was paid in cash, and the present note was given for the balance of the purchase money.    At the time of the sale, a bill of sale for the slaves was made, in which a warranty was inserted, by which Brent warranted the "title to said negroes to be good in the said Morrison, his heirs and assigns forever, free from all legal claims whatever."

The justice having given judgment for the plaintiff, the case was brought by appeal to the Circuit Court, and upon the trial there, the defence was set up by Morrison, that, at the time of the sale, the title to the slaves was not in Brent.    It was admitted by Morrison that, ever since the sale, he had had the undisturbed possession of the slaves.    The Circuit Court decided against this defence, and the question now to be considered is, whether it is a valid defence to the suit, upon the present note.

Although this note had been assigned by Brent to Edgar, yet it was admitted that, at the commencement of the suit, Edgar was holding it for Brent; consequently, the question is one between Brent, the payee, and Morrison, the maker.

1. There have been many decisions made in the courts of the different states, upon questions similar to that arising in the present case, and these decisions are by no means in har-

mony with each other.   In *Frisbee* v. *Hoffnagle*, 11 John. R.. 50, it was held, that the maker of a promissory note, given for the consideration money of land he had purchased, might defend himself against an action upon the note, by showing that the payee, who conveyed the land to him, had not the title, although he had never been disturbed in the possession. In *Vibbard* v. *Johnson*, 19 John. R. 77, the case of *Frisbee* v. *Hoffnagle*, was not cited in the argument, nor referred to in the opinion of the court, but Chief Justice Spencer stated the law to be, " that it was not competent for the purchaser to dispute the title of the vendor, unless he had been charged, at the suit of another person, who had, after contestation, shown a better title." The action, in this last case, was to recover the value of a chest of tea, sold by the plaintiff to the defendant, and for which the defendant alleged that he had paid a third person, who was the real owner of the tea, thus bringing up the question whether the plaintiff had any title to the thing sold.

The case of *Frisbee* v. *Hoffnagle* has been questioned in *Lloyd* v. *Jewell*, 1 Greenl. R. 355, and is understood to be overruled in New York, in several subsequent decisions, as well as by *Vibbard* v. *Johnson*.  *Whitney* v. *Lewis*, 21 Wend. 131.  *Lamerson* v. *Marvin*, 8 Barb. Sup. C. R. 9.

Although the decisions in other states are not uniform, yet the weight of authority is opposed to the defence attempted in this case, where the purchaser holds the undisturbed and undisputed possession of the property under the sale.   The defence is essentially a denial of the consideration of the contract, upon which the action is brought, and it is but reasonable that a person who holds the possession of chattels, under a purchase, shall not be allowed to deny the consideration of his promise to pay for them, while his possession is not disturbed.

2. But it is said, that the statute regulating the proceedings in justices' courts, in the fourteenth section of article five, declares a rule, by which this defence is admissible.   That section authorizes a defendant, who is sued as the obligor in a

Morrison *v.* Edgar.

bond, or as a maker of a note, to impeach its consideration and show a partial or total failure of the consideration thereof. It is obvious that the present is not a case properly of a failure of consideration. It is not alleged that any thing has occurred, since the sale, by which the relations of the parties to the property sold have been changed or affected. If there was a consideration at the moment of the sale and transfer of the possession, it still exists. The section referred to authorizes a defendant to show, not only that a note was made without consideration, but that a bond, upon which he has been sued, was made without consideration, and it authorizes the defence of a partial or total failure of the consideration, either in case of a bond or a note. Whether the fact relied upon by the defendant, that Brent's title to the slaves was not good, constitutes a defence to the present note, while the defendant still continues in the possession of the slaves, depends upon the question, whether it establishes a want of consideration for the note. The authorities all agree that between the original parties to a note, the want of consideration is an available defence, but if, under this admitted law, a purchaser of property, who holds the undisturbed possession, cannot defend himself against his note for the purchase money, on the ground of a want of consideration, because of a defect of title, it is not perceived how the statute has changed the law in this respect. It allows the consideration to be impeached, but it does not change the cases in which there is or is not a sufficient consideration. If the purchase of the property and the continuance of the possession was a sufficient consideration, under the general law previously existing, the statute has not changed the law in such case. This section of the statute, then, does not apply to the present case, nor authorize the defence here attempted.

But it is insisted that the peculiar language of the warranty, in the bill of sale, binds Brent, not merely to defend the title to the slaves against all opposing claims, but amounts to a covenant of present right and title to the slaves, similar to the covenant of seizin in the conveyance of a tract of land, and

that, consequently, if he had not title, there was no consideration for the note. If the construction of the instrument contended for was admitted to be correct, the consequence derived from it would not necessarily result. Whatever may be the meaning of the language used in this covenant, the note will still rest upon sufficient consideration, while the maker continues in undisturbed possession of the property sold. But it is not thought necessary to dwell upon this view of the case. The particular language of this covenant does not vary its effect from that produced by the ordinary form of covenants of warranty. The seller warrants " the title to the negroes, free from all legal claims," and the use of the words, " *to be good* in the said Morrison," &c., does not change the mode in which the seller is to be held responsible for the existence of a better claim to the property, or in which the superiority of the adverse claim is to be ascertained.

The judgment of the Circuit Court is, with the concurrence of the other Judges, affirmed.