CONNOR, Appellant, v. EDDY *et al.*, Respondents.

1. Where a purchaser of land accepts from his vendor a conveyance with full warranty of title, there being no fraud in the sale, and the possession of the purchaser remaining undisturbed, he can not be relieved against the payment of the purchase money on the mere ground of a defect of title.

2. Where a purchaser of land executes a deed of trust, with warranty of title, to secure to the vendor the payment of the purchase money, he is not estopped by his warranty to avail himself of any relief to which he would otherwise be entitled by virtue of the vendor's covenants to himself.

*Appeal from St. Louis Land Court.*

The petition in this cause sets forth substantially that plaintiff Connor became the purchaser, at a sale by Joseph A. Eddy and Jabish B. Eddy, of certain lots in a subdivision of a tract known as the Sarpy arpent; that the said Eddys conveyed the same to plaintiff by deed with general warranty ; that by deed of the same date plaintiff conveyed said lots to Messrs. Belt & Priest (also made defendants herein) in trust to secure the purchase money unpaid, for which he had executed and delivered three several promissory notes ; that in their handbills and publications of sale, and also at the time of sale, the title of the Eddys was declared to be undoubted and perfect; that he, plaintiff, purchased relying upon said representations ; that in these representations gross fraud was practiced upon plaintiff inasmuch as the title of said Eddys is neither undoubted nor perfect; that said Eddys have not a perfect title to more than one-seventh of said land ; that the remaining six-sevenths are claimed by one Gustavus W. Dreyer ; that said Dreyer has instituted in this court proceedings to enforce his rights ; the writ issued in said proceedings was served on Jabish E. Eddy, September 23, 1854, two days before the day of sale at which plaintiffs purchased ; that said writ was served on Joseph A. Eddy, September, 1854, two days after said day of sale, and before the execution of their deed of conveyance to plaintiff; that defendants studiously concealed the knowledge of these facts from plaintiff, that thereby he might be induced to complete his purchase ; that by reason of the notoriety now given to the proceedings of the said Dreyer no confidence is held in the title of said Eddys ; that he can not therefore sell or dispose of it, and consequently that it is utterly valueless to him, as it would not be prudent that he should build or improve upon it; that he has demanded a rescission of the contracts, but defendants will not consent ; he " therefore prays for relief, that, having no adequate remedy at law, the contract be rescinded ; that defendants surrender to him their notes by him given to them,

and refund to him the amount of his purchase money, $125, and interest and costs."

The court made the following finding of the facts : " That there had existed difficulties in the title of the Sarpy arpent; that the defendants, Eddys, as owners of the property, on the 25th of September, 1854, sold a number of lots in the Sarpy arpent, at which sale plaintiff purchased the lots as described in the petition ; pursuant to the terms of the sale plaintiff paid one-fourth of the purchase money down, and for the balance gave his three notes, all bearing interest from date, and payable respectively at one, two and three years; that plaintiff accepted a deed with full warranties from the defendants, Eddys, and their wives ; and he and his wife executed a deed of trust to defendants, Belt & Priest, to secure the notes for the balance of the purchase money, with full covenants of warranty ; that though these deeds were executed afterwards, they both bear date of the sale, viz., September 25th, 1854, and were delivered October 4, 1854.   The court doth further find that there had been difficulties about the title of the Eddys to the land in question; that in their advertisements and placards Belt & Priest, the auctioneers, (defendants,) by the authority of the Eddys, published the title of the latter to be perfect and undoubted; and furthermore, that at the sale Belt (defendant) published that all the difficulties about the title were now at rest, having been carried to the Supreme Court and adjudicated in favor of the Eddys.   And the court doth further find that before the sale suit was brought in this court by Dreyer against the Eddys; that service was had in said suit on Jabish P. Eddy two days before, and on Joseph A. Eddy two days after the day of sale ; that no knowledge of this suit was ever given by defendants to plaintiff ; that this suit of Dreyer v. Eddy et al. was before the filing of the amended petition in this cause dismissed, plaintiff Dreyer taking a voluntary non-suit.   And the court doth further find that the notoriety of the suit by Dreyer and his claim to the title to a portion of the land has impaired the value of the property in dispute by inspiring a general distrust of the title ; that by general repu-

Connor v. Eddy.

tation there were doubts as to the title of said Eddys to said land at the time of the sale arising out of said suit by said Dreyer. No evidence as to the validity of said title was offered by either party. The court further finds that the defendants were not guilty of any fraud in the premises. Upon the foregoing facts, that the defendants are entitled to recover ; judgment accordingly."

*A. J. P. Garesché*, for appellant.

I. Plaintiff has no adequate remedy at law. The assertions that defendants had " a perfect and undoubted title," and that " the difficulties had been settled by having been carried to the Supreme Court and there adjudicated in favor of the owners," are untruthful assertions. The concealment of the fact of the institution of suit by Dreyer constituted a fraud upon the plaintiff. He is entitled to a rescission of the sale.

*Krum & Harding*, for respondents.

SCOTT, Judge, delivered the opinion of the court.

This case stands for revision here on the finding alone. No failure of title in the vendors is shown by the finding, and it is expressly stated that there was no fraud in the defendants in making the sale. Where is the ground then for a rescission of the contract, or for an injunction to restrain the collection of the purchase money ? The facts as found do not bring the case within the influence of the act to regulate injunctions in certain cases. (R. C. 1845, p. 582.) It must stand then on the general principle that a purchaser of land, who has taken a conveyance with covenants for title and is in undisturbed possession, will not be relieved against the payment of the purchase money on the mere ground of defect of title, there being no fraud in the sale nor any eviction. (Abbot v. Allen, 2 Johns. Ch. 519.) Nor is there any allegation of the insolvency of the vendors or of any equitable circumstance, which, according to the case of Jones v. Stanton, 11 Mo. 433, might induce a departure from the general principle.

The plaintiff, having given a deed of trust on the lot with

covenants for title to secure the purchase money to the vendors, is not estopped by his covenants from availing himself of any relief to which he would otherwise be entitled by virtue of the vendor's covenants to himself. This is the law with regard to mortgages with warranty of title given to secure the purchase money of the land mortgaged, and it is as applicable, if not more so, to deeds of trust for the same purpose. The law of estoppel has no application in such cases. (Rawle on Cov. 348.) Judge Ryland concurrring, the judgment will be affirmed; Judge Leonard absent.