## MATHENY v. MASON, *Appellant.*

**Sale of Personal Property:** IMPLIED WARRANTY OF TITLE. A vendee of personal property who, after purchasing, discovers that his vendor had no title, may, upon being threatened with suit by the true owner, pay him the price, at least if the vendor be insolvent: and such payment will be a complete defense to an action by the vendor. The vendee, however, by such a course takes upon himself the *onus* of showing that his payee was the true owner.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*Gates & Wallace* for appellant.

*Robert Adams, Jr.*, for respondent.

RAY, J.—The petition alleges that plaintiff sold and delivered to defendant 1,123 bushels and thirty pounds of corn, at sixty cents per bushel; that defendant paid plaintiff thereon the sum of $10, leaving a balance of $664.10 due

and unpaid, for which judgment is asked. The material part of the answer admits the purchase of the corn, at the price stated; the payment of the $10; but avers as a defense to the action, that upon the sale of said corn, the law implied a warranty of title, on the part of the plaintiff to the defendant, for said corn, and then charges that said corn, in fact, did not belong to the plaintiff; but was the property of Amos and Nathan Bailey; that at the time of the purchase he supposed the plaintiff was the owner of the corn, and did not learn that it belonged to the Baileys until after the sale and delivery thereof to the defendant; that the Baileys, after the sale and delivery, gave notice to defendant that the same belonged to them, and demanded that payment therefor should be made to them, and were threatening to sue defendant therefor; and the defendant thereupon, learning that the Baileys were the true owners of the corn, and that it did not belong to the plaintiff, paid the said Baileys the full value thereof, before the commencement of this suit; and the answer further charges that the plaintiff, at the time of said sale, was, and ever since has been, and still is insolvent. To this answer the plaintiff demurred, because it did not state facts sufficient to constitute a defense herein, and was insufficient in law; which demurrer the court sustained, and the defendant electing to abide by said answer, and declining to answer further, final judgment was given for the plaintiff, for the balance claimed in the petition. Whereupon the defendant filed his affidavit and bond, and brings the case here by appeal.

The only question in the case is the sufficiency of this answer. The court below, by sustaining the demurrer, held it insufficient. It must be confessed that there is great conflict of authority on this point. Many decisions have been made, in the courts of the different states, upon questions similar to that presented by this demurrer, and these decisions are by no means in harmony with each other; nor is it an easy matter to determine how the weight of

authority is, upon the precise point presented by this answer and the demurrer thereto.

It will be observed that this is a case between the seller and purchaser of personal property; where the vendee, when sued for the purchase price, sets up by way of defense, that the seller had no title to the property sold, and was and is totally insolvent and unable to respond to a breach of warranty of title to said property if sued therefor; and that said purchaser, upon notice and claim of the true owner thereof, and his threat to sue therefor, has paid said claimant and owner the full value of said property. Numerous cases are cited by the briefs of counsel on each side. Some of them are cases like this; but many of them are cases between vendors and vendees of real estate, some of them between bankers and their depositors, and others between bailors and bailees, or common carriers and their employers or shippers. In all these cases the point in dispute was the want of title in the vendor, depositor, bailor, consignor or other claimant; but whether the like or a different rule is applicable to all these classes of cases, it is perhaps not necessary here to inquire or determine.

In this State the principle is well settled, that the purchaser of land, who has taken a conveyance with covenants of title, or a bond for such a conveyance, and is placed and continues in the undisturbed and undisputed possession thereof, will not be relieved against the payment of the purchase money on the mere ground of defect of title, there being no fraud or false representations as to the title and no eviction. In all such cases, he cannot resist the payment of the purchase money without offering to restore the possession thus acquired by him to the vendor. *Mitchell v. McMullen*, 59 Mo. 252; *Harvey v. Morris*, 63 Mo. 475; *Wheeler v. Standley*, 50 Mo. 509; *Connor v. Eddy*, 25 Mo. 72; *Smith v. Busby*, 15 Mo. 343. In all these cases, however, it is to be remarked that the parties attempting to set up this defense were in the undisturbed and undisputed possession of the real estate so bought, and that no person

was disputing their title, except themselves, and that, for the purpose of getting rid of the payment of the purchase money. What difference, if any, would have been made, in such cases, if the true owner of the title to such property, had been asserting his title and claiming the possession thereof, and said purchaser had yielded to his claim, by purchasing his title, need not here be inquired or determined. No case in our court of the latter sort has been called to our attention in the brief of either counsel.

It is equally well settled in this State, that a purchaser, who has paid for land, may, where the paramount title is outstanding, maintain an action against his vendor for a breach of his covenant of warranty without an actual eviction. " That is, an actual dispossession, by process of law, consequent upon a judgment, is not necessary, in order that a covenantee may maintain an action for breach of the covenant of warranty." "In all such cases, however, of voluntary dispossession or ouster *in pais*, where there has been no judgment, the burden of proof is upon the covenantee to establish the adverse paramount title to which he has yielded; and the possession should only be surrendered after claim or demand made therefor." *Morgan v. The Hannibal & St. Joseph R. R. Co.*, 63 Mo. 129, and cases cited. Whether such a party, in such case, who had given his note for the purchase money of such land, could in like manner successfully resist the payment of said note by assuming the like burden, when he has yielded to such adverse title without suit, by purchasing in the same, it may not be necessary here to consider or pass upon. Such also seems to be the law in other states, in like controversies between vendees and vendors of real estate. See 21 Wend. 131; 8 Barb. 1; 6 Gray 572; 4 Hill 643; 6 Barb. 165; 4 Mass. 349. It may be remarked, however, that the implied warranty of title, upon the sale of personal property has been held, by the authorities, to be analogous to a covenant for quiet enjoyment in the sale of lands; and it would seem, from these authorities, that the courts do

not·maintain a different rule in actions based on a breach of warranty of title, on the sale of personal property, than is adopted in a like action in the sale of real estate. See 62 N. Y. 331; 1 Lansing 145; 26 N. Y. 230; 40 N. Y. 285, 286.

In the case at bar the contest is between the seller and purchaser of personal property. The demurrer admits all the allegations of the answer to be true, and the judgment of the court, sustaining the demurrer, declares that they constitute no defense to this action. In support of this ruling of the court, the respondent cites and relies on a number of authorities to the effect, that "in such case it is not competent to the vendee to dispute the title of his vendor, unless he has been charged at the suit of another person, who has, after contestation, shown a better title; that he cannot, in this way, draw the plaintiff's title in question, by his own voluntary act of payment." Such is the language of Vibbard v. Johnson, 19 Johns. 78. In this case, however, the purchaser knew at the time of his purchase that another party claimed the goods, to whom he afterward voluntarily paid the price without suit. To the same effect is the case of Morrison v. Edgar, 16 Mo. 411, 414. In this latter case, however, "it was admitted that the purchaser had remained and was in the undisturbed and undisputed possession of the property, under the sale." It did not appear that the real owner had in any way asserted his title or made any claim or demand for the property so bought and held. The case of Case v. Hall, 24 Wend. 102, 104, also recognizes the same doctrine. But among the reasons assigned by the court for such rulings, it was remarked, "that the indemnity is complete by responding therefor, after a recovery under the paramount title." In the case at bar, it stands admitted that the seller is wholly insolvent and unable to respond for a breach of his warranty of title, if sued therefor.

The case of the Delaware Bank v. Jarvis, 20 N. Y. 230, seems to recognize the doctrine of the demurrer. The

case of *Lund v. Seamen's Bank*, 37 Barb. 132, states the same doctrine quite broadly. It asserts that "no principle of law can, however, be found which permits a debtor for goods sold, or for money lent or deposited, to set up, as a defense against the claim of his creditor, that his title to the goods sold, or money lent or deposited, is defective or wrongful. That question is of no concern to the purchaser or borrower, unless the third party who claims to have been despoiled of his goods or money will proceed by process of law to enforce his right. It can never be permitted that a debtor may volunteer, by plea or answer, the protection of the claims of those with whom he has had no dealings, to defeat his liability for the performance of his contract." This case, however, was that of a banker, attempting to resist the claim of his depositor, for funds received from him and placed to his credit on the books of the bank, on the ground that some third party claimed the funds so deposited. This doctrine is also asserted by Bigelow on Estoppel, 387, in the identical language of 37 Barb., *supra*.

On the contrary, it is insisted on the part of the appellant, that in such case as the one at bar it is perfectly competent to the vendee to dispute the title of his vendor, without waiting to be charged at the suit of another person by due process of law; that the purchaser, if satisfied that the claimant of the property is the true owner, and can and will, in an action against him, recover the property from him, or its value, is not bound to resist the claim of such owner, but may abandon the property to such owner, or pay him the value thereof, without action; taking upon himself the *onus* of showing, if sued for the price by his vendor, that he had no title to the property or right to dispose of it; and that the party to whom he has surrendered the property, upon claim, or to whom he has paid the purchase price, had the title and was the true owner thereof. In support of this proposition numerous authorities are cited and relied on, where this doctrine is expressly recognized and sanctioned. Among them are the follow-

ing: *Sweetman v. Prince,* 26 N. Y. 232; Bell's Contract of Sale, 94, 95; *Burt v. Dewey,* 40 N. Y. 286; *McGiffin v. Baird,* 62 N. Y. 329, 331; *Bordewell v. Colie,* 1 Lansing 141, 143, 144; *Dickenson v. Maul,* 4 B. & Ad. 638: *Allen v. Hopkins,* 13 M. & W. 93; *King v. Richards,* 6 Whart. 418, 427; *Hayden v. Davis,* 9 Cal. 573; *Frazier v. The Erie Bank,* 8 Watts & Serg. 18, 20, and *Arnold v. Macungie Bank,* 71 Pa. St. 287. These authorities, we think, seem fully to warrant the sufficiency of the answer set up in this case.

If it be true as charged in this answer, (and the demurrer admits its truth,) that the plaintiff was not the owner of the corn in question, and was wholly insolvent; and that the Baileys were the actual owners of said corn, and notified the defendant of their claim, and demanded payment therefor, and threatened to sue if their demand was not complied with; and that the defendant thereupon paid the true owners and claimants the full value of said corn, what wrong or injustice has been done? In such a case has the plaintiff any standing in court? It will not do to say that it was the duty of the defendant to return the corn to his vendor. That would not have relieved him from his liability to the true owner, for a conversion of the property after demand and refusal. That he would have been so liable there can be no question. *Bordewell v. Colie,* 1 Lansing 144. In a case like this, would it be equitable, just or proper to require the defendant to pay the purchase price to the plaintiff, and, when compelled by the true owner to pay the same a second time, to take the chance of recovering it back again, from his vendor, on his breach of warranty, when that vendor is admitted by the demurrer to be utterly insolvent? By this answer, the defendant assumed the burden of proving its truth. He acts at his peril. The risk is his. If he succeeds, justice is satisfied. If he fails, the fault or misfortune is his, and he must take the consequences. Notwithstanding the conflict of authority on this point, as manifested by the above decisions and others not mentioned, we are satisfied, after a careful

examination, that the weight of authority, as well as the equity and justice of the rule, on principle, is in favor of the sufficiency of this answer. It was error, therefore, to sustain the demurrer, and for this reason the judgment is reversed and the cause remanded. All concur.