HENRY BOHLMANN *et al.*, Respondents, v. F. ROSSI, Appellant.

St. Louis Court of Appeals, January 18, 1898.

Principal and Agent: UNAUTHORIZED CONTRACT OF AGENT: ESTOPPEL. A principal who accepts and appropriates the fruits of an unauthorized contract of his agent, is estopped to deny the authority of the agent to bind him.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*Edmond A. B. Garesche* for appellant.

. The court erred in admitting incompetent and irrelevant testimony. 1 Greenl. Ev. [15 Ed.], sec. 52.

The court erred in giving and refusing instructions. *Marchildon v. O'Hara*, 52 Mo. App. 523; *Hyde v. Larkin*, 35 *Id.* 366; *Stennkle v. R'y*, 42 *Id.* 74; *Middleton v. R. R.*, 62 Mo. 579.

*L. Frank Ottofy* for respondent.

The evidence being conflicting, this court will not interfere with the judgment of the trial court simply on the ground that it is against the weight of the evidence. *Downing v. R'y*, 70 Mo. App. 660.

On the whole evidence the judgment is for the right party, and should not be disturbed. R. S. 1889, sec. 2303; *Walker v. R'y*, 68 Mo. App. 466; *Itner v. Hughes*, 133 Mo. 679, 689.

BIGGS, J.—The plaintiffs sue the defendant on account for meat sold and delivered. During the year 1891, and up to August, 1892, and for several years previous thereto, one Thompson had been running a butcher shop for the defendant. The defendant is engaged in the retail grocery business, and the butcher shop was run as an adjunct thereto. The arrangement between the defendant and Thompson was that the former should furnish the necessary capital and pay the hire of one man, and that Thompson should manage the business and receive one half of its net profits as compensation for his services. From November 31, 1891, to February 26, 1892, the plaintiffs delivered to

Thompson beef of the value of $155.35. There is no question as to the delivery of the meat, its alleged value, and that it had not been paid for. The defense is that prior to November, 1891, the defendant notified the plaintiffs not to sell any more meat on credit to Thompson.

The defendant so testified, and his testimony ·is corroborated by that of one or two witnesses. The plaintiffs admitted that they received such a notice, but they denied that it was received prior to November, 1891. They testified that the notice was given· in August, 1892. The plaintiffs also introduced evidence tending to prove that from November, 1891, to August, 1892, they sold and delivered meat to Thompson every day; that the latter paid for all the meat except that sued for; that the bills for the meat were placed on a hook in the shop; that the defendant was in the shop every day, and that at the close of the business of each day Thompson furnished the defendant with a complete statement of the business. The defendant admitted that he knew that the plaintiffs were furnishing the beef, but he supposed that Thompson was paying the cash for it, as he had notified the plaintiffs and other dealers in beef that they must get the cash for their goods. The jury returned a verdict for the plaintiffs for the amount sued for. Judgment was entered on the verdict and the defendant has appealed. He complains of the instructions and the admission of incompetent and irrelevant testimony.

At the insistance of the plaintiffs the court· instructed in substance that although the defendant requested the plaintiffs not to deliver meat to Thompson unless it was paid for on delivery, yet if the meat sued for was sold on· credit and the defendant got the benefit of it, the plaintiffs were entitled to recover, pro-

PRINCIPAL and agent: unauthorized contract of agent: estoppel.

vided the jury found "that the defendant knew at the time the meat in question was being delivered that Thompson was not paying for it." The principle of the instruction is that a principal can not accept and appropriate the fruits of an unauthorized contract of his agent and then controvert the authority of the agent to bind him. *St. Louis v. Davidson*, 102 Mo. 149; *Bates v. Spencer*, 42 Mo. App. 184; *Combs v. Sullivan*, 105 Mo. 230; *Fahy v. Springfield Grocery Co.*, 57 Mo. App. 73.

The basis of the liability of the defendant is that of estoppel and not that of waiver of the notice by defendant or the ratification of the unauthorized act of Thompson, as counsel for defendant argues. As to the alleged knowledge of defendant that plaintiffs were not getting pay for meat upon delivery, Thompson did not swear that defendant had positive knowledge on the subject, but he did testify that the bills showed that the meat was not paid for; that the bills (which were rendered daily) were placed in a conspicuous place in the butcher shop, and that the defendant was in the shop every day. Thompson also testified that he rendered to the defendant a full statement of the business at the close of each day. From this evidence the jury was authorized to draw the inference that the defendant was advised that the meat was not being paid for on delivery. Full statements of the business would necessarily disclose that fact. Our conclusion is that the instruction properly declared the law, and as there was substantial evidence to support it, the circuit court did right in giving it.

We have examined the exceptions to the evidence. Several of the questions to which objections were made, were not answered. The answers to other questions, if conceded to be irrelevant, could not in our judgment have influenced the verdict. Therefore we do not deem

it necessary to enter into a discussion of these assignments. With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.