PHELPS, Plaintiff in Error, *vs.* TAPPAN *et al.*, Defendants in Error.

1. Under the act amendatory of the act concerning executions, approved March 5, 1849, property acquired by the husband by *purchase* after marriage, is not exempt from execution for debts contracted by the wife before marriage.

### *Error to Greene Circuit Court.*

This was a petition filed by John S. Phelps, for an injunction of a sale of his land under execution. The petition stated that the judgment upon which the execution issued was rendered against the petitioner and his wife, upon a liability incurred by his wife before his marriage with her; that she had no property at the time of the marriage; that he had acquired the real estate upon which the execution was levied " by grant and purchase, since the marriage," and not by any means or property which had accrued to him by virtue of the marriage.

The Circuit Court sustained a demurrer to this petition, and the plaintiff sued out a writ of error.

*Richardson* and *Gardenhire*, for plaintiff in error.

*F. P. Wright*, for defendants in error. The act of 1849 does not apply to this case. If it did, it would operate retrospectively, and so be unconstitutional. The property levied upon was liable for the payment of the debt, when the defendants in error commenced their suit.

SCOTT, Judge, delivered the opinion of the court.

1. The application for the relief sought in the present case, is based on the second section of the act to amend an act entitled "an act to regulate executions," approved March 5th, 1849. That section prescribes that the property owned by a man before his marriage, and that which he may acquire after his marriage by descent, gift, grant or devise, and the use and profits thereof, shall be exempt from all debts and liabilities contracted or incurred by his wife before their marriage. The first section of the act exempts the like property of the wife from debts contracted by the husband prior to the marriage, or to the time the wife came into the possession of such property.

The purpose of the statute seems to have been, to introduce into our code some of the provisions of the Spanish law, which once prevailed here. Under that system, by virtue of the marriage, there was a community or partnership of the property, real and personal, of the two spouses, which was managed by the husband for their joint benefit, and on the dissolution of the community by the death of either of them, the share that each possessed in the community was restored, and the profits, if any, were divided between the survivor and the representatives of the deceased. By that law also, whatever came to either member of the community by what was called a lucrative title, did not enter into the community, but was the sole property of the spouse to whom it fell. A lucrative title is opposed in idea to an onerous one, and means that which is acquired by the gratuitous act of another. But property which was acquired by an onerous title, or which is the same thing, for a consider-

Phelps *v.* Tappan.

ation paid, entered into the community, being presumed to be the fruit of the joint industry of the husband and wife.

All the modes of acquisition specified in the second section show, clearly, that the legislature only contemplated property acquired by a lucrative title, and not such as came for a consideration. To hold otherwise, would make the marriage operate as a discharge of the wife's debts, unless she owned an estate before marriage, or she should, by gift or inheritance, receive one during coverture, as she could not acquire it by an onerous title by the common law; and thus the husband, though the wife may be the meritorious cause of the acquisition of property during coverture, would hold it exempt from the payment of her debts.

The fact that the word " otherwise" is used in the first section, when describing the modes by which property may be acquired by the wife, which shall be exempt from execution for the debts of the husband, does not affect the view here taken of this law.

The allegation is, that the property on which the execution was levied, was acquired by the husband during the marriage, by grant and purchase. The property thus having come during coverture by an onerous title, the presumption is, that it is the fruit of the joint industry of the husband and wife, and is, consequently, liable for the debts of the wife, contracted before marriage. In a matter affecting the important relation of man and wife, we do not feel authorized to depart further from the common law than is required by the words of the statute.

The other judges concurring, the decree below is affirmed.