| 49 | 131 |
| 35a | 469 |

THOMAS HALE, Appellant, *v.* GEORGE W. COE AND ELIZA A. COE, Respondents.

1. *Husband and wife — Married women — Property of exempt from execution against husband, when.* — Land purchased by the wife out of her own separate estate, even though that estate be money, is exempt from execution against her husband for his own debts.

*Appeal from Pettis Circuit Court.* .

*Phillips & Vest,* for appellant.

I. Even by the laws of 1849 and 1855, the property of the wife was not exempt from execution for the debts of the husband contracted after the reception of the money or property by the wife. (Cunningham v. Gray, 20 Mo. 170 ; Tally v. Thomson, 20 Mo. 277 ; Barber v. Wimer, 27 Mo. 140.) In the case at bar, Mrs. Coe acquired the title to the real estate under the statute of 1865, which went into effect August 1, 1866 (Gen. Stat. 1865, p. 464, § 14); and unless acquired by "gift, grant, devise or inheritance," it was subject to the debts of her husband contracted either before or after that time.

II. Mrs. Coe must have obtained the property without valuable consideration, or it will be liable. All the reasoning of Phelps v. Tappan, 18 Mo. 393, and Pawley v. Vogel, 42 Mo., apply with even greater force to the statute of 1865 than to those of 1849 and 1855. The statute of 1865 leaves out the words " or other-

wise," and if the language of the laws of 1849 and 1855 applied only to lucrative titles, that of 1865 has certainly the same meaning. There can be no pretense that Mrs. Coe acquired this property by a lucrative title.

The case of Tennison v. Tennison, 46 Mo. 80, does not construe the statute here invoked. That of Schafroth v. Ambs, 46 Mo. 118, does not decide the point in our statute as to the distinction between lucrative and onerous titles.

Counsel cited generally Sexton v. Wheaton, 8 Wheat. 251; 3 Johns. Ch. 517; Pawley v. Vogel, 42 Mo. 300; Cunningham v. Gray, 20 Mo. 173; Keith v. Woombell, 8 Pick. 215; Bullard v. Briggs, 7 Pick. 537; Thomas v. Brown *et al.*, 10 Ohio St. 247; Stanton v. Kinsch, 6 Wis. 338; Elliott v. Bentley, 17 Wis. 365; 3 Johns. Ch. 481; 6 Seld. 231; Sto. Agency, § 267.

*F. P. Wright*, for respondents.

The court expressly found that the money which Mrs. Coe owned before the marriage, remained loaned out and was never reduced to possession by the husband, and the residue of the money which was used in paying the balance of the purchase-money and improvements on the lot was furnished by her brother; and also that this money was invested in the lot for her with the assent of her husband. This finding negatived the theory that the property was bought with the husband's money. A husband is not entitled to a wife's choses in action until reduced to possession. (Leaky, Adm'r, v Maupin, 10 Mo. 368.) The right of a husband to his wife's property is regarded as a marital right, which he may waive or insist on as he pleases, and which, if he does waive, the goods remain the property of the wife. (George v. Cutting, 46 N. H. 130.)

BLISS, Judge, delivered the opinion of the court.

The defendant, Eliza A. Coe, owned certain real estate in the town of Sedalia, and the creditors of her husband sold upon execution his interest in the same, which was bid in by the plaintiff for $10. He thereupon files his petition claiming that the property was paid for by and belonged to the execution-defendant,

that it was conveyed to his wife to defraud his creditors, and asks that the legal title be vested in him.

I do not find the allegations of the petition sustained by the evidence. The testimony shows that the lot was paid for in part by the money of the wife, earned by her before her marriage and always retained in her possession, and in part by money borrowed by her of her brother, and secured by a mortgage on the property.

The improvements also upon the property were made in part by money thus borrowed and secured. The original purchase was by title bond, and $600 of money thus belonging to the wife was paid down. The evidence is conflicting as to whether this bond was issued to the husband personally or to him as agent, but on paying the balance due of $500 which was borrowed of her brother, the deed was made to her. At this time the husband was in debt, and it is very possible, though it does not so affirmatively appear, that this fact furnished Mrs. Coe a motive for retaining the property in her hands—not to defraud the creditors, but for her own security.

It would seem that, having failed in sustaining the charge of actual fraud, the petition should be dismissed; but the plaintiff further insists that notwithstanding the money paid for the property might have belonged to the wife and her brother, it became, by operation of law, the money of the husband, and therefore the charge is sustained.

Passing the question whether under this petition we could inquire into the relations of the husband to this property if there was no actual fraud, also the more important question whether in such case the interest of the husband, before it is established by judgment, can be sold upon execution, I will consider what are the rights of his creditors.

Section 14, chapter 115, Gen. Stat. 1865 (Wagn. Stat. 935), exempts from execution for the debts of the husband the rents, issues and products of, and the interest of the husband in, the real estate of the wife "which belonged to her before marriage, or which she may have acquired by gift, grant, devise or inheritance during coverture." This exemption of the rents, etc., presupposes that the property itself belongs to the wife, and is

therefore exempt; and such rents and the interest of the husband cannot be sold, because the property itself, the reversion of the marital interest, is exempt, and cannot be sold for the husband's debts. Hence, I suppose, the change from the act of 1849, re-enacted on page 754 of the Revised Statutes of 1855, which purports to exempt the property itself. The act of 1849 purports to cover all property, although the real estate, except the marital interest attached to it, was already exempt, and the revision of 1865 leaves out personal property. The object of the act as thus modified seems to be to give the family the undisturbed possession of the real estate of the wife and its proceeds. (Fiske v. Wright, 47 Mo. 351. We are, then, to inquire what property of the wife is beyond the reach of the husband's creditors.

Plaintiff's counsel cite the case of Phelps v. Tappan, 18 Mo. 393, to show that the property described as acquired during coverture must come through the gratuitous act of another, and cannot be acquired by purchase. Judge Scott in that case refers to the Spanish law, and his use of the terms of that law has some tendency to confuse. He was commenting upon the second section of the act of 1849, since repealed, and the spirit of the decision was that property held by the husband, but purchased by the joint earnings of husband and wife, can be subjected to the ante-nuptial debts of the wife. Pawley v. Vogel, 42 Mo. 291, is also cited, and it is there held that the husband cannot make a voluntary settlement upon the wife, of property acquired during coverture, as against pre-existing creditors. In White v. Dorris, 35 Mo. 181, the wife had purchased real estate with money not coming from the husband, or from their joint earnings, and the court held that it was not subject to execution for his debts. This court has never given a construction to this statute, or to the general law, adverse to the right of Mrs. Coe to hold this property. The harsh rules of the common law have been recognized or explained with more or less distinctness, and remarks have been made that might give color to the plaintiff's claim; but we have never held that a married woman is unable to hold real estate against her husband's creditors, if regularly conveyed to her and paid for out of her own estate, even though that estate be money.

This money was never in the husband's actual possession, and he always permitted his wife to hold it, as though held for her sole and separate use. He had no intention of appropriating it, and before his debts were contracted she had paid it out for the property in controversy.

It should also be noted that this is an equitable proceeding to transfer the wife's property to a purchaser at sheriff's sale for a nominal consideration. The record shows no warrant for our interference. Equity in proper cases will protect the rights of married women, but, as to property honestly held, and not withdrawn from the husband's creditors, will very rarely interfere against her and in favor of such creditors.

Several questions are raised by counsel pertaining to the pleadings and the regularity of the proceedings below, but the plaintiff's allegations were all denied; the evidence is all before us, and it is our duty to pass upon the merits.

Judgment affirmed. The other judges concur.