CLARK *et al.* v. CLARK, *Appellant.*

1. **Bankrupt :** DISCHARGE OF SURETY. C filed his voluntary petition to be adjudged a bankrupt, in May, 1878, and in November following, his wife proved up against his estate a note, which he had executed to her with defendant, as surety thereon, and the wife thereafter assented to the final discharge of the bankrupt. *Held*, that, as the note was executed prior to January 1, 1869, such consent of the wife was unnecessary, and was, therefore, inoperative and did not discharge the surety.

2. **Wife's Chattels :** WAIVER OF RIGHT TO BY HUSBAND, AT COMMON LAW. While, at common law, the chattels of the wife, vested in the husband by virtue of the marriage, yet he could waive his right thereto and permit her to retain them. He could, by his declarations, acts and dealings, release her property from his marital rights.

3. **Husband Borrowing Wife's Money.** Where, instead of asserting his claim, as husband, to his wife's money, he borrows the same, with the agreement and understanding ·that it is to be repaid or accounted for to her, he will, in equity, be regarded as her debtor.

4. ———— : SURETY. Where the husband receives money from the wife and executes to her therefor his note, with another as surety thereon, the transaction of itself shows that the money was not intended as a gift, and creates a valid obligation on the part of the husband to pay the note, which the wife can enforce against both him and the surety.

5. **Code :** PLEADING UNDER. Under the code there is but one form for a civil action, and the petition need only set out the facts constituting the cause of action, and this is the case whether such facts authorize legal or equitable relief.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*J. A. Seddon* and *H. T. Kent* for appellant.

(1) The record, as it appears before this court,

shows that the motion for new trial was filed in time. Though the bill shows no motion for new trial, the court will examine all "errors of record" in contradistinction to those of "exception." *State v. Marshall*, 36 Mo. 400 ; *O'Connor v. Koch*, 56 Mo. 253. (2) The record shows that the appeal from the court of appeals to this court was taken in time. *Johnson v. Hodges*, 65 Mo. 590. A motion to dismiss this appeal was made in this court and was denied. (3) The assent of Jane G. Clark was necessary to the discharge in bankruptcy of her husband. 14 U. S. Stat., p. 533, sec. 33, Bankrupt Act, March, 2, 1867 ; 15 U. S. Stat., p. 227, act July 27, 1868 ; sec. 5112. Rev. Stat. U. S., 1874, act 1870 ; sec. ——, 18 Stat. U. S., p. 180, act June 22, 1874. Having assented to such discharge, she has discharged also Wm. G. Clark, the surety. Therefore, the court erred in sustaining the demurrer to appellant's answer. This is an error of record, and not of exception. *Broadway Savings Bank v. Bernard Smucker*, 7 Mo. App. 171 ; *Eggeman v. Henschen*, 56 Mo. 123 ; *In re McDonald*, 14 B. R. 477 ; Brandt on Suretyship, sec. 122 ; *Callaway v. Moff*, 78 Ky. 562. (4) The note sued on is a purely executory contract, as far as the surety is concerned. The consideration of the loan being none other than the property of Robert B. Clark, the principal, the contract is *nudum pactum*, and cannot be enforced against appellant. *Morrison v. Thistle*, 67 Mo. 600 ; *Sims v. Ricket*, 35 Ind. 188 ; *Terry v. Wilson*, 63 Mo. 499 ; Adams' Equity, marg. p. 97 (p. 224 of 5th Am. Ed.) ; Story's Equity Juris., sec. 793 (p. 864 of 11th Ed.) ; Story's Equity Juris., sec. 1375 ; *Loyd v. Fulton*, 91 U. S. 485 ; *Halloway v. Headington*, 8 Sim. 324 ; *Edwards v. Jones*, 1 Myln. & Cr. 227 ; *Hallfield v. Wilson*, 54 Ala. 276 ; *Woodford v. Stephens*, 51 Mo. 448 ; *Walker v. Walker*, 25 Mo. 367. (5) The petition is so clearly defective that no judgment can be rendered on it. For any judgment which could be rendered in pursuance of it would enure to the benefit of

Robert B. Clark, the principal, who cannot be allowed to realize a judgment against his surety. *Walker v. Walker*, 25 Mo. 367. The judgment is entered in favor of both plaintiffs, where, at best, it could only be entered in favor of Jane G. Clark, for her own separate use. A judgment in favor of a principal against the surety is an absurdity. Though the error may be corrected, the appellant should have his costs of appeal. *Bergen v. Cave*, 52 Mo. 43.

*A. R. Taylor* and *C. A. Davis* for respondents.

(1) Under this state of facts, the note became the seperate property of Jane G. Clark, it never having been reduced to possession by her husband, and always having been by him recognized as the separate estate of the wife. The defendant gave his obligation to pay the note, and the covenant was his several contract to pay. Although an obligation of the principal may be void, that is no defence to the surety. *Meed Co. v. Maxwell*, 63 Mo. 486; *Lobaugh v. Thompson*, 74 Mo. 600; Parsons on Bills, 244–246; *Morrison v. Thistle*, 67 Mo. 600. (2) No step taken by a creditor for the discharge of a bankrupt can affect liability of surety. *In re Levy*, 2 Benedict, 169; *Guild v. Butler*, 5 Rep. 15; Brandt on Suretyship, p. 505, note 3. Again, as the note was made prior to January 1, 1869, the assent of Jane G. Clark to the discharge of Robert B. Clark was unnecessary and nugatory. *In re Sheldon*, 12 National Bankrupt Register, 63; *In re Perkins*, 1 Cent. L. J. 507; *In re Frank*, 6 Chicago Legal News, 414; *In re Wheeler*, 16 National Bankrupt Register, 277.

RAY, J.—The plaintiff, Robert B. Clark, is the husband of co-plaintiff, Jane G. Clark, and is joined with her herein by virtue of the statute, and only for the purpose of the suit. Jane G. Clark and her said hus-

band filed the amended petition in this action June 10, 1878, in the circuit court of the city of St. Louis, on a promissory note made by said Robert B. Clark as principal, and said Wm. G. Clark, defendant, as security, for the sum of $2,000, dated December 22, 1866, and payable to said Jane G. Clark, one year after date, with eight per cent. interest per annum. The amended petition, in addition to the ordinary averments in suits upon promissory notes, avers the payment of certain and divers sums, credited on said note at the dates given, the last being within the ten years next preceding the date of instituting this suit. It also avers that the note sued on is the separate property of said Jane Clark.

The amended answer of defendant admits the execution of the note as such security, but denies that the note was of the separate estate of the wife, or that the consideration proceeded from her. It sets up that the credits thereon were not made in good faith, but for the mere purpose of preventing the bar of the statute of limitations; it pleads a release of defendant therefrom by the plaintiff in the years 1874 and 1875, and, also, payments thereof; it also sets up that since the execution of the note it became vested in said Robert B. Clark, the principal, and became thereby satisfied and discharged, and it further sets up the statute of limitations, and, also, the consent of the wife to her husband's discharge in bankruptcy, whereby his liability as security was discharged.

The plaintiffs successfully interposed a special demurrer to this last mentioned special plea of the husband's discharge in bankruptcy and the wife's consent thereto, and replied generally to the rest of said new matter set up in the answer.

The issues thus remaining were tried and determined by the court, sitting as a jury. Mrs. Jane Clark was the only witness for the plaintiff. Her evidence showed that the money loaned and for which said note was given

by her husband and his brother, Wm. Clark, came to her by inheritance ; that she retained possession thereof and exclusive possession, also, of the note, with the consent of her husband, and that the payments thereon were made and received in good faith, at the various dates given. Her evidence was uncontradicted, and she was, in fact, the only witness in the case who testified in this behalf. The defendant was the only witness in his behalf, and his evidence merely went to show that he signed the note in the capacity of a surety ; that he never received any part of the money ; that his brother, Robert, made an assignment to him for his creditors, and that the last endorsement of credit on said note was thirteen days prior to said assignment. This was all the evidence in the case.

The court gave but one declaration of law, which was for the plaintiff, and was as follows :

"The court declares the law to be that if Jane G. Clark, the plaintiff, on and prior to December 22, 1866, was the owner of two thousand dollars in money which she had received by inheritance, and that on said day she loaned said sum of money to Robert B. Clark, the co-plaintiff herein, and that in consideration of said loan said Robert B. Clark, as principal, and defendant Wm. G. Clark, as surety, executed the note mentioned in the amended petition and filed therewith, and delivered the same to Jane G. Clark on the date aforesaid, and if the said Jane G. Clark has, ever since said note was so delivered to her, kept said note in her possession, with the consent of said Robert B. Clark, up to the time that suit was brought, and if the said Robert Clark never had possession of said note, and if there was paid on said note in suit Jane G. Clark by either Robert B. Clark, the principal, or Wm. G. Clark, the security, the following sums, at the following dates, to-wit: December 22, 1866, the sum of $80 ; December 12, by $80 ;

and February 20, the sum of $200; and if said payments were made and received by said Jane G. Clark in good faith as payments on said note, and if no other and further payment has been made on said note, and if said Jane G. Clark has kept the said note in her possession exclusive from her said husband, Robert B. Clark, from the time she received it to the present time, and has all the time been the owner of said note, and if she has never released the said note, then the plaintiff is entitled to recover in this action the amount mentioned in said note, to-wit: $2,000, with interest at the rate of eight per cent. per annum, to this date, less payments and interest."

Two declarations of law were asked by the appellant, and refused by the court, but it is unnecessary to set them out. The first was in the nature of a demurrer to the evidence. The second was upon the question of good faith in making the endorsements of credit on the note, and was expressly covered by the one already given. The issues were found for the plaintiff, and judgment was given accordingly. On appeal therefrom the same was affirmed in the court of appeals, and the case is now before us on appeal from said court.

The controlling questions of law which the record presents, are: first, as to the action of the court in sustaining the demurrer to said special plea set up by the answer. The substantial facts alleged in said plea and admitted by the demurrer are, that in May, 1878, Robert B. Clark, the principal on the note, was on his own petition adjudged a bankrupt, and in November, 1878, said Jane Clark, his wife, proved up said note as a demand against said bankrupt, and thereafter assented to his final discharge as such bankrupt, which consent of said wife thereto, the appellant claims operated as a discharge of the security. The other view of this question, presented by plaintiffs, is that, as the debt, evidenced by

said note, was made prior to January 1, 1869, such assent of Mrs. Clark was not necessary to her husband's discharge, under the provisions of the bankrupt law, and that said consent thereto was, therefore, a nullity, and inoperative. This involves a consideration of several provisions of the bankrupt laws.

The second clause of section thirty-three of the bankrupt act of March 2, 1867, which went into effect June 1, 1867, is as follows: "And in all proceedings in bankruptcy, commenced after one year from the time this act should go into operation, no discharge shall be granted to a debtor whose assets do not pay fifty per centum of the claims against his estate, unless the assent in writing of a majority in number and value of his creditors who have proved their claims, is filed in the case at or before the time of application for discharge."

The act of 1870 (sec. 5112, R. S., 1874), is as follows: "In all proceedings in bankruptcy, commenced after the first of January, 1869, no discharge shall be granted to a debtor whose assets shall not be equal to fifty per cent. of the claims proved against the debtor, unless the assent in writing of a majority, in number and value, of his creditors, to whom he shall have become liable as principal debtor, and who shall have proved up their claims, is filed in the case at or before the hearing of the application, but this provision shall not apply to those debts, from which the bankrupt seeks a discharge, which were contracted prior to the first of January, 1869."

The last act on the subject, and of date June 22, 1874, is as follows:

"That in cases of compulsory or involuntary bankruptcy, the provisions of said act, and any amendment thereof, or any supplement thereto, requiring the payment of any proportion of the debts of the bankrupt, or the assent of any portion of his creditors as a condition of his discharge from his debts, shall not apply; but he

may, if otherwise entitled thereto, be discharged by the court in the same manner and with the same effect as if he had paid such per centum of his debts, or as if the required proportion of his creditors had assented thereto. And in cases of voluntary bankruptcy no discharge shall be granted to a debtor whose assets shall not be equal to thirty per centum of the claims proved against his estate, upon which he shall be liable as principal debtor, without the assent of at least one-fourth of his creditors in number, and one-third in value, and the provisions in section thirty-three, of said act of March 2, 1867, requiring fifty per centum of such assets, is hereby repealed."

Other acts of congress are omitted as having no special or important bearing on the question now under consideration. The appellant contends that the act of June, 1874, repeals the act of 1870, and made it necessary for a voluntary bankrupt to either pay thirty per cent. of his indebtedness, or to obtain the assent in writing of one-fourth in number, or one-third in value, of all his creditors, without regard to the date of said claims, whether prior or subsequent to January 1, 1869, before a final discharge could be granted him. We are unable to concur in this view. In said act of 1870, the assent of those creditors only whose debts are subsequent to January 1, 1869, is required, and creditors whose claims are prior to January 1, 1869, are not thereby required to assent to such discharge. The changes introduced and effected by said act of 1874, are manifestly still further in the interest of the debtor, mainly, perhaps entirely, in increasing his facilities for obtaining his discharge. The first clause of said act, in cases of involuntary and compulsory bankruptcy, broadly wipes out all requirements of payments of any portion of the debts of the bankrupt, or the assent of any portion of his creditors as a condition of his discharge. The second clause of said act, while not treating cases of voluntary bankruptcy with such unlimited liberality, is manifestly designed and intended

and enacted in their interest. It reduces the per centum of claims to be paid, from fifty to thirty per centum, and diminishes the assent of creditors from a majority in number to a fourth in number, or a third in value. With this spirit and obvious direction in said act, it was not, we think, and could not have been, intended that a class of debts, such as originated prior to January 1, 1869, and which had been expressly excluded by the act of 1870, were intended to be again brought within the requirements of the bankrupt laws as · to the assent of creditors. Further, the only repeal expressly enacted in said act relates exclusively to said provision in said section thirty-three, of said act of March 2, ·1867, requiring said fifty per centum of assets. Said act of 1874 does not, we think, expressly, or by necessary implication, repeal the provisions of said act of 1870 (sec. 112, R. S.), excluding the payment of fifty per cent. of claims, or the assent of a majority in number, or value, of creditors as a condition of discharge, where the debts were contracted prior to January 1, 1869, and it is not, we think, in any respect, in conflict or inconsistent with said provision of said act. The whole question is fully and elaborately considered and determined in *In re Sheldon*, 12 Nat. Bank Reg. 63, and in *In re Wheeler*, 16 Nat. Bank Reg. 277, and the views held by us and conclusion reached in this behalf are fully supported by said authorities.

It is further urged upon us in appellant's behalf, that the consideration of the loan was simply the property of said Robert B. Clark, the principal in the note, and that the contract is, therefore, without consideration and cannot be enforced against the security. By the common law, which was in force at the date of this transaction, money or chattels owned by the wife at the time of marriage, or such as she might thereafter acquire by inheritance, or otherwise, became the property of the husband by virtue of the marital relation. But the hus-

band may waive his right as such, and permit her to retain her money and property, and he may, by his declarations, acts, and dealings, in regard thereto, free and relieve her property from his marital claims. Where, instead of asserting his claims as husband, to his wife's goods and money, he borrows the same with the agreement and understanding, clearly shown in some of the modes known to the law, that the same is to be repaid, and that he is to become liable therefor, then he will be regarded and held, in equity, at least, as her debtor. Schouler on Husband and Wife, sec. 395 ; 1 Cord's Legal and Equitable Rights of Married Women, sec. 85 and subsequent ; 2 Story's Eq. Juris. (12 Ed.) sec. 1380 ; 25 Mo. 367, and 374, 375 ; 46 Mo. 82 ; 26 Conn. 226 ; 4 Metcalfe (Ky.) 84; 10 Ohio, 371 ; *Hammond v. Renfrow*, 84 Mo. 332 ; *Bettes v. Magoon*, 85 Mo. 580 ; *Morrison v. Thistle*, 67 Mo. 597, 600, and authorities there cited.

Contracts of this character made between husband and wife are held to be void as to injured and complaining creditors, but the defendant does not stand in that relation to the principal and meritorious plaintiff in this action and has not the rights of such. As to others they are not nullities. Such a transaction as we are now considering may and does create valid demands against the husband, or his estate, in favor of the wife, which the courts will enable her to enforce by an appropriate and sufficient remedy. There is nothing in the record showing that the husband, Robert B. Clark, ever asserted any claims, as husband or otherwise, to the money inherited by the wife. On the contrary, the evidence shows he allowed her to keep and retain the exclusive possession thereof. Nor is this a case where there is a mere forbearance on the husband's part to assert his rights as such. She parts with the possession of said money, not upon the faith of his individual note alone, but upon said note executed by him, and executed further by his brother as security thereon. If the husband

was claiming, or asserting his right to it, as such, why execute and deliver to his wife his promissory note? If it was thereby intended as a gift and not as an indebtedness to the wife, why was his brother required to sign as security upon said note? And further, defendant, Wm. Clark, well knew the marital relation existing between said Jane Clark and his brother, Robert Clark, the principal in said note, and it is not material, we think, whether, under the facts and circumstances of this case, the undertaking of defendant is to be regarded, as to the wife, as that of a principal obligor, or as merely accessory to the principal obligation of his brother in said note. There was, as we have said, a valid obligation on the part of the husband, growing out of this transaction, covered by said note, which she could enforce against him, and this is a good and sufficient consideration for the obligation of the defendant to pay the same at maturity. The fact that she may be compelled to resort to the jurisdiction of a court of equity to enforce her said demand against her husband is, we think, immaterial.

We have, under our system, but one form of civil action and her petition to enforce said claim would be required to set out the facts whether the same were such as would entitle her to legal or equitable relief. An infirmity extending to the mode or remedy for enforcing her demand against her husband does not extend to or impair the right itself. The anomaly, complained of by appellant, that this record presents a case where the principal debtor in said note recovers a judgment against his surety thereon, is, we think, more apparent than real. The wife is the only payee in said note. She is the only substantial and meritorious cause of action. The presence of her husband in the action is merely in compliance with the statute requiring him to be joined. He is a mere nominal party and is to be regarded and

treated as such, both in said action and in said judgment recovered therein. See cases cited, *supra.*

Finding no error in the rulings and action of the trial court, its said judgment is, therefore, affirmed. All concur.