NANCY BETHEL, Respondent, v. JOHN C. BAILY, Appellant.

Kansas City Court of Appeals, April 15, 1889.

Husband and Wife: LIABILITY OF THE PROPERTY OF WIFE FOR DEBTS OF HUSBAND : SEPARATE PROPERTY. In effect the rule has been announced in this state, that prior to the act of March 25, 1875, (section 3296, Revised Statutes, 1879,) the choses in possession of the wife held by her at the marriage, or subsequently acquired, vested absolutely in the husband and became subject to his debts; but it is also settled by repeated decisions, that notwithstanding such marital rights of the husband as they existed prior to said act of 1875, if the wife retain the possession and sole control of such personal chattels, and with the assent of her husband manage and deal therewith as her sole individual property, they become impressed with the character of separate property, and the wife will be protected in the enjoyment thereof as against the claims of her husband's creditors; and the existence of this separate property interest in the wife may be established from the facts of her long and uninterrupted control over it with the acquiescence of her husband in her dominion over and management of it.

---

Bethel v. Baily.

---

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*Phelps & Brown, Robinson & Crow,* for appellant.

(1) Prior to the act of 1875, Revised Statutes, 3296, personal chattels of the wife vested absolutely in the husband and became subject to his debts. *Alexander v. Lydick,* 80 Mo. 341. (2) The money claimed to have been inherited by plaintiff, Nancy Bethel, was a chose in possession, and not being her separate estate vested absolutely in her husband, Hiram Bethel, and was subject to his debts. *Terry v. Wilson,* 53 Mo. 493. (3) All the personal property of the wife in possession whether at the time of marriage or afterwards acquired vested in the husband unless conveyed to him for her sole and separate use, unimpressed by any trust in her favor. *Woodford v. Stephens,* 51 Mo. 443.

*Haughawout & Gray,* for respondent.

(1) Appellant states in his brief that prior to the Acts of 1875, Revised Statutes, 3296, personal property of the wife vested absolutely in the husband, and became subject to his debts, and cites *Alexander v. Lydick,* 80 Mo. 341. This rule only applies where the property is in possession of the wife, in other words, her choses in possession. (2) The second point raised in appellant's brief is that the money, with which the property was purchased, was a chose in possession of the wife prior to the act of 1875, and become subject to the payments of the husband. This we controvert; a chose in possession is personal property of which one has possession. Bouv. Law Dict. 265. (3) Nancy Bethel, or her husband, never had possession of the money till subsequent to the act of 1875, but it was held

by Mrs. Garrison, respondent's sister, and the husband, Hiram Bethel, testified that he never claimed the money, but recognized it as her separate property or stock, consequently it was her separate property even before the act of 1875, and not subject to her husband's debts. *Hale v. Cox*, 49 Mo. 181; *Clark v. Clark*, 86 Mo. 114; *Hammond v. Renfrow*, 84 Mo. 332; *State v. Smit*, 20 Mo. App. 50; *Betts v. Morgan*, 85 Mo. 581; *Burns v. Bangert*, 92 Mo. 167. (4) By common law, a married woman was capable of taking and holding personal property to her own and separate use, and such property was protected against the marital rights of the husband or the claims of his creditors, and it was not necessary that such property should be conveyed to a trustee to hold for her. *Woodford v. Stephens*, 51 Mo. 447; 2 Story Eq., sec. 1378-1380. (5) The evidence in this case clearly shows that the husband, Hiram Bethel, treated this property as the property of his wife a long time prior to the act of 1875. Consequently the appellant cannot claim any benefit from any evidence tending to show that the money, used by respondent in purchasing said property, came to her prior to said act. *Betts v. Morgan*, 85 Mo. 580.

GILL, J —This is an action of replevin brought by the plaintiff, Mrs. Bethel, to recover some wheat, cattle, and one horse, which had been levied upon by the defendant sheriff on an execution against Hiram Bethel, plaintiff's husband. The matter of dates appears somewhat uncertain, but it is sufficient to say that the plaintiff was married to Hiram Bethel something near forty years ago, and that the husband, neither at marriage, nor since, has been the owner of any property worth naming in his own right, and that quite all the property belonging to the family came from the father of plaintiff, Nancy, and which was given to her, by her father somewhere about 1853

VOL. xxxv—30

From the imperfect manner in which the defendant's complaints are presented in this court, it is difficult to determine on what he relies for reversal of the cause. There is no formal assignment of errors, unless we so consider the closing paragraph of what is termed his "abridgement of the record," which reads thus :

"And defendant prosecutes this appeal and assigns for error the giving of instructions asked for by plaintiff and the refusing of instructions asked for by the defendant, and admission of incompetent and irrelevant testimony offered by plaintiff, and the refusal to admit competent and relevant testimony offered by defendant."

And since, in such "abridgment of the record," there appears no objections to the evidence, nor exceptions saved as to such evidence, we are called upon only to notice such objections made to the instructions, which we assume is all we are expected to review.

At the trial the circuit court, at the instance of the defendant, declared the law as follows :

(1) If the court believe from the evidence that the land, upon which the wheat in controversy was grown, was purchased with money belonging to Hiram Bethel and the title thereto were placed in Nancy Bethel for the purpose of placing said land and the rents, income and profits thereof beyond the reach of the creditors of the said Hiram Bethel for the sole use and benefit of said Hiram Bethel, so as to enable said Hiram Bethel to receive and enjoy to his own use the rents and products of said land, then although said land was actually held by said Nancy Bethel after said purchase, if the court believe from the evidence that said purchase was really made for the use and benefit of said Hiram Bethel, and that Hiram Bethel remained in possession of said land and worked the same, and that the wheat in controversy was raised for his benefit, then said wheat would be the property of the said Hiram Bethel, and the finding should be for the defendant as to such wheat.

Bethel v. Baily.

(2) It devolves upon the plaintiff to show, by a preponderance of the evidence, that the property in controversy was the property of Nancy Bethel at the time same was levied upon by the defendant Baily.

(3) If the court believes and finds, from all the facts and circumstances shown in evidence, that the property in controversy, or any part thereof, belonged to Hiram Bethel, and that defendant, Nancy Bethel, was merely the ostensible owner thereof, then, as to such property, if any, the finding should be for the defendant.

(4) If the court find fron the evidence, that any portion of the property in controversy was acquired by the plaintiff, Nancy Bethel, either by gift, purchase or inheritance, prior to the twenty-fifth day of March, 1875, then the finding will be for the defendant as to such property

The court refused the following instructions offered by defendent :

(5) The court declares the law to be that under the pleadings and evidence in this case the plaintiff is not entitled to recover any property in controversy except the wheat described in the writ, and that as to all the property in controversy, aside from the said wheat, the finding will be for the defendant.

(6) The court declares the law to be that the money owned by the plaintiff, Nancy Bethel, at, or before, the death of her father, in 1855, or which she shortly after acquired by inheritance or otherwise prior to the twenty-fifth day of March, 1875, became the property of her husband, Hiram Bethel, and vested absolutely in him by virtue of her marital relation and became subject to his debts, therefore, if the court finds from the evidence that the property in controversy, or any part thereof, was the proceeds or income of property purchased by her or her husband with money acquired by gift or inheritance from her father or his said estate, that as to said property the finding should be for the defendant.

(7) The court further declares the law to be that, although the court should believe from the evidence, that the plaintiff's husband, Hiram Bethel, failed or forebore to assert his marital rights to the money acquired from her father or his estate, yet that such forbearance on the part of her husband would not operate to vest said money in her as her separate estate or be held to create a valid gift to her thereof, or against creditors.

( 8) The court declares the law to be that under the pleadings and evidence in this case the plaintiff is not entitled to recover.

Of its own motion the court gave the following declaration of law :

First, the court declared the law to be that, if the wheat in controversy was grown on a farm owned by and the title to which was in Nancy Bethel, and purchased by her separate means prior to Hiram Bethel contracting the debt mentioned in the execution, and without intent to defraud creditors, and if the mare was the colt of a mare taken by Nancy Bethel from Willoughby in part payment for the farm purchased from her by Willoughby, and the other stock was purchased by Nancy Bethel with her own money and offspring of stock so purchased, which money was received from her father about the year 1858, and was loaned to and deposited with Mrs. Garrison by Nancy Bethel until 1875, and that said money and stock remained the separate property of said Nancy Bethel and was never delivered to the possession of Hiram Bethel, the finding should be for plaintiff.

The case was submitted on the foregoing instructions, to the court sitting as a jury, and plaintiff had judgment in her favor, and defendant appeals.

It would seem to be the contention of defendant that if the property in controversy is the result, or proceeds, of personal property, or chattels, which Mrs.

Bethel derived, by gift or otherwise from her father, prior to the act of March 25, 1875, then such became, and has remained, the absolute property of Hiram Bethel, the husband, and subject to his debts. And so in effect the rule has been announced in this state, that prior to the act of 1875 (R. S. 1879, sec. 3296), the choses in possession of the wife held by her at the marriage, or subsequently acquired, vested absolutely in the husband and became subject to his debts. *Alexander v. Lydick*, 80 Mo. 341; *Woodford v. Stephens*, 51 Mo. 443.

But, it is also settled, by repeated decisions in this state, that, notwithstanding such marital rights of the husband, as they existed prior to the act of March 25, 1875, if the wife retain the possession and sole control of such personal chattels, and with the assent of her husband manage and deal with them as her sole individual property, they become impressed with the character of separate property, and the wife will be protected in the enjoyment thereof as against the claims of her husband's creditors. *Clark v. Clark*, 86 Mo. 122, 123; *McCoy v. Hyatt*, 80 Mo. 134; *Hale v. Coe*, 49 Mo. 184-5; *State to use of Mary Grabinsky v. Smit*, 20 Mo. App. 50.

"The existence of this separate property interest in the wife may be established from the facts of her long and uninterrupted control over it with the acquiescence of her husband in her dominion over and management of it." *McCoy v. Hyatt*, *supra*, p. 135.

Under this view of the law, the trial court erred in giving instruction number 4 for the defendant, but since the defendant cannot complain of this error, and since the other instructions, given, and refused, make it reasonably clear that the cause was tried and determined upon the correct theory of the law, the judgment will be affirmed. The other judges concur.