CHARLES COOPER *et al.*, Appellants, v. JOSIAH STANDLEY, Respondent.

Kansas City Court of Appeals, March 31, 1890.

1. **Attachment:** VOLUNTARY CONVEYANCE : INTENT. A voluntary conveyance of the husband to the wife made at a time when he was indebted beyond his ability to pay, the effect of which conveyance is to hinder and delay the creditors of the husband, is fraudulent and void as to such creditors and furnishes ground for attachment, and the motives of husband in making such conveyance are wholly immaterial.

Cooper v. Standley.

2. ————: HUSBAND AND WIFE : LAND BOUGHT WITH WIFE'S MONEY. If the husband purchases land with money belonging to his wife, and holds the same for and in her behalf, then he might lawfully convey said land to her, and such transaction would not furnish grounds for attachment.

3. Husband and Wife : WIFE'S SEPARATE ESTATE : CONSIDERATION. Where a wife in Illinois received money from her father's estate, which her husband then spent in improving his own real estate, and, upon his selling the same, the wife refused to join in the deed except upon receiving her money back which was accordingly paid her, and which she took and claimed as her separate means ; and, upon removing to Missouri, the husband used the same in purchasing real estate and took the title thereto in himself, *held*, these facts constituted the money the separate property of the wife and furnished a good consideration for a conveyance from the husband to the wife.

4. ————: CHATTELS OF WIFE AT COMMON LAW : STATUTORY SEPARATE PROPERTY. In the absence of proof the Missouri courts will presume the common law in force in Illinois. While at common law the chattels of the wife vested in the husband by virtue of the marriage yet he could waive his rights thereto and permit her to retain them released from the husband's marital rights. And where, as in this case, the wife's money was set aside to her in Illinois, it became her separate means, and as such she brought it to this state where it was impressed with the provisions of our laws and was her statutory separate property, of which her husband could not deprive her, without her assent in writing.

*Appeal from the De Kalb Circuit Court.*—HON. OLIVER M. SPENCER, Judge.

AFFIRMED.

*S. G. Loring*, for the appellants.

(1) Courts do not take judicial knowledge of the statutes of Illinois—that has to be proven the same as any fact. *Flato v. Mulhall*, 72 Mo. 525 ; *Myer v. McCabe*, 73 Mo. 236 ; *White v. Chaney*, 20 Mo. App. 396. (2) In the absence of evidence this court will presume that the common law was in force in Illinois at the time Mrs. Standley sold her interest in her father's

estate to her brothers, and by that law the title to the money arising from the sale of her said interest vested in her husband, Josiah Standley. *Woodford v. Stephens*, 51 Mo. 445; *Myer v. McCabe*, 73 Mo. 241; *White v. Chaney*, 20 Mo. App. 395; *Flato v. Mulhall*, 72 Mo. 525; *Clark v. Clark*, 86 Mo. 122. (3) The possession of Mrs. Standley of the proceeds of said sale of the Illinois farm, while in Illinois, was the possession of her husband, and, although he pretended to have given to her there twenty-three hundred dollars, that did not change the title to the property. It was his. *Sloan v. Terry*, 78 Mo. 627; Bump. on Fraud. Conv. [3 Ed.] 311 and 313; *Woodson v. Pool*, 19 Mo. 344. (4) This money, being under the laws of Illinois the absolute property of the husband, the bringing of the money to Missouri by Mrs. Standley did not have the effect to divest the title from the husband and vest it in her. *Myer v. McCabe*, 73 Mo. 241; *White v. Chaney*, *supra*. (5) Even if he had given the money to her in Illinois, the evidence shows that when defendant Standley came to Missouri he took the twenty-three hundred dollars, bought the land attached, took the land in his own name, gave a mortgage, with his wife, to secure the balance of the purchase price. There is no evidence that after Standley came to Missouri he agreed to take the money—not by virtue of his marital rights, but as trustee for his wife. If there had been such a contract it will be upheld only when the proof is sufficiently clear and convincing as to show beyond question that such was the distinct understanding and agreement of the husband and wife in respect thereto. *White v. Chaney*, *supra*; *Hammons v. Renfrow*, 84 Mo. 342; Bump on Fraud. Conv. [3 Ed.] 307–311; *Kidwell v. Kirkpatrick*, 70 Mo. 216; *Clark v. Clark*, 86 Mo. 123; *Jordan v. Buschmeyer*, 97 Mo. 97. (6) The court erred in refusing the third instruction prayed for by the plaintiffs. The evidence upon their part

Cooper v. Standley.

tended to show that Standley made the deed to Smart for the sole purpose of placing the title in his wife, and that neither Smart nor Mrs. Standley paid any consideration for the deed—that the conveyance was a voluntary one. The court should have submitted that question to the jury. This instruction was proper under the evidence. *Potter v. McDowell*, 31 Mo. 67; *Patten v. Casey*, 37 Mo. 118; *Hurley v. Taylor*, 78 Mo. 238. (7.) The money was his under the laws of that state, and when he came to Missouri he takes the money without any agreement with her, purchases the the land, takes the title in his own name, retains it until the plaintiffs are pressing him for their money, and then, without any solicitation upon her part, it suddenly occurs to him that he ought to pay her the money he had received from her father; he conveys to her through Smart every dollar of his property he has that was not exempt from execution. The fourth instruction upon the part of the plaintiffs should have been given and the third upon the part of the defendant should have been refused. *Clark v. Clark*, *supra*; *White v. Chaney*, *supra*. (8) The court erred in giving the second instruction for the defendant. In it the court told the jury in effect that, although they believed that the deeds through which Standley conveyed the title to the lands attached to his wife were voluntary, yet they must further find that at the time he executed the deed to Smart he did it with the intent of hindering or delaying his creditors, or they must find for the defendants. *Polter v. McDowell*, 31 Mo. 69.

*R. B. Randolph, Casteel & Haynes*, for the respondent.

(1) This court will not presume that the common law was in force in Illinois. In the absence of testimony the law of the forum will govern. *Flato v. Mulhall*, 72

Mo. 525; *Sloan v. Terry*, 78 Mo. 623. ( 2 ) The evidence is explicit in regard to the money with which this land was purchased being the proceeds of her separate estate. She brought it here with her; the land was purchased with it, and without any fault of hers the deed was made to her husband. In order to rectify the mistake he caused it to be reconveyed to her. The conveyance was in no sense a voluntary conveyance. ( 3 ) The defendant Standley would have been compelled by a court of equity to have conveyed the land to his wife. Bump on Fraud. Con. [ 3 Ed. ] p. 310. ( 4 ) The conveyance of the land to the wife is not fraudulent. *Burns v. Bangert*, 92 Mo. 177; *Davis v. Land*, 88 Mo. 436; *Hartzler v. Tootle*, 85 Mo. 23. ( 5 ) Prior to act of 1875 the husband could waive his marital rights to the wife's property. *Botts v. Gooch*, 97 Mo. 91; *McCoy v. Hyatt*, 80 Mo. 130; *Clark v. Clark*, 86 Mo. 116. His delivery to her of the money derived from her father's estate in Illinois was a recognition of her ownership, was perfectly lawful, and was done long before the notes in evidence were executed. ( 6 ) A conveyance which will authorize an attachment, on the ground that it is in fraud of creditors, must be absolutely void as to creditors, so as to create a resulting trust in their favor and constitute the grantee a trustee for their benefit. *Forster v. Mullanphy*, 16 Mo. App. 150, affirmed, 92 Mo. 79. ( 7 ) The verdict is for the right party. The instructions fairly presented the issues to the jury, and under them they have found the issues for defendant, which finding is supported by a great preponderance of the testimony, and should not be disturbed.

GILL, J.—In October, 1885, plaintiffs, Cooper & Co., sued defendant Standley on four promissory notes, amounting in the aggregate to thirteen hundred dollars, excluding interest, which were executed February, 1882, and the last thereof maturing in February, 1884. While

this action was pending, and in aid thereof, plaintiffs in June, 1887, sued out an attachment, and levied upon certain lands in De Kalb county as the property of defendant Standley. The ground of attachment set out in the affidavit, and relied upon at the trial, was that defendant had fraudulently conveyed his property so as to hinder or delay his creditors. Issue was joined by defendant's plea in abatement, and the same was tried in the circuit court, where the jury rendered a verdict for the defendant; and, on judgment being entered thereon dissolving the attachment, plaintiffs have appealed to this court.

I. To sustain the allegation of fraudulent conveyance, contained in the attachment affidavit, the plaintiffs rely upon the showing made, to-wit, that on June 7, 1884, the defendant, owing at the time notes in suit and otherwise insolvent, deeded to his wife the De Kalb county land. The evidence showed indisputably that the wife *at the time* paid nothing therefor, and it is claimed, therefore, by plaintiffs that such conveyance of Standley to his wife was voluntary, without any consideration, and, therefore, fraudulent and void as to then existing creditors. Standley at the trial, however, testified that the land was purchased with his wife's separate means, and that he simply "gave this land over to her as her just dues."

Before detailing other facts necessary to be considered in this case, we will, with the view of narrowing the field of controversy, settle some of the legal questions contained in counsel's briefs.

If the conveyance of Standley to his wife, made in June, 1884, was merely voluntary—a gift—without consideration of any kind known as valuable, and made at a time when he was indebted beyond his ability to pay, and the effect of such conveyance was to hinder and delay these plaintiffs or other existing creditors in making their claims against said grantor, then it was

fraudulent and void as to such creditors and furnished ground for this attachment. The *motives* of the grantor in deeding the land to his wife under such circumstances are wholly immaterial. The law pronounces the transaction a fraudulent one as against the then existing creditors. Standley would not be permitted to give away his property to the prejudice of his creditors. "*Just before generous*," is the maxim. *Potter v. McDowell*, 31 Mo. 62; *Douglas v. Cissna*, 17 Mo. App. 44; *Patten v. Casey*, 57 Mo. 118; *Lionberger v. Baker*, 88 Mo. 447.

The correlative of the foregoing proposition, however, is that, if defendant Standley purchased the land with money belonging to his wife and held the same for and in her behalf, then he might lawfully convey said land to her, and such transaction would not furnish grounds for attachment. The question arises then, was the De Kalb county land bought with the separate means of Mrs. Standley?

In this connection the undisputed evidence shows the following facts, substantially: Prior to the fall of 1881, Standley and his wife resided in the state of Illinois, from which state they removed to De Kalb county, Missouri, and purchased the land, attached, in October, 1881. While the Standleys resided in Illinois, and during the years 1873 and 1875, Mrs. Standley came into the possession of an inheritance from her father's estate, amounting in the aggregate to nearly two thousand dollars. It seems that her husband used this money in improving some land he owned there. Preparatory to coming to Missouri in 1881, Mr. Standley sold this real estate in Illinois, but the wife refused to join in the deed except upon condition that out of the proceeds she be paid back the money formerly inherited from her father. Standley consented and gave over to his wife the sum of twenty-three hundred dollars which she took and claimed as her own separate means.

Mrs. Standley brought this sum to Missouri, and her husband used it in purchasing the land in De Kalb county. The deed thereto was, without question, taken in the name of the husband. After this, in June, 1884, defendant Standley ( as he claims for the purpose of returning to his wife that which belonged to her ) made the conveyance to Mrs. Standley, which is now attached by this attachment proceeding. We hold that these facts clearly establish Mrs. Standley's title to the money thus invested in the De Kalb county land. And, unless by reason of the subsequent conduct of husband and wife the wife parted with the means thus held by her, it continued her property and furnished good consideration for the conveyance in June, 1884.

II.  Plaintiff's counsel is correct in the assertion that in the absence of proof as to the laws of Illinois the courts of Missouri will presume the common law in force there. *Bain v. Arnold*, 33 Mo. App. 631, and cases cited. And by force of the common law the money inherited by Mrs. Standley in Illinois in 1875 became the property of her husband. Yet, as repeatedly announced in this state, "while at common law the chattels of the wife vested in the husband by virtue of the marriage, yet he could waive his rights thereto and permit her to retain them, released from the husband's marital rights." *Clark v. Clark*, 86 Mo. 114; *Bethel v. Bailey*, 35 Mo. App. 463, and cases cited on p. 469. Hence the twenty-three hundred dollars, set aside to Mrs. Standley on the sale of the farm in Illinois in the fall of 1881, became her own separate means, and as such she brought it into the state of Missouri. Here it was impressed with the provisions of our laws, and was her statutory separate property, of which her husband could not deprive her, except in the manner provided by our statutes, section 3296, Revised Statutes, 1879.

The mere *use* of such means by Standley did not destroy Mrs Standley's title, since she never consented

thereto in writing. *Broughton v. Brand*, 94 Mo. 169 ; *Gilliland v. Gilliland*, 96 Mo. 522 ; *Bangert v. Bangert*, 13 Mo. App., 144.

It follows, therefore, that the transfer of the land by Standley to his wife in 1884, in the absence of actual fraud, did not constitute a voluntary conveyance in fraud of creditors and supplied no ground for an attachment. The jury found, under the instructions given by the court, that the conveyance was in good faith, and since the undisputed facts do not establish a constructive fraud, the judgment was for the right party, and is affirmed. All concur.